[Cite as *Business Backer, L.L.C. v. SSC Servs. Inc.*, 2025-Ohio-303.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| THE BUSINESS BACKER, LLC | : | |
| | : | |
| Appellee | : | C.A. No. 30171 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 03068 |
| | : | |
| SSC SERVICES INC., ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 31, 2025

. . . . . . . . . . .

ADRIANO SAMPAIO, Pro Se Appellant

JEFFREY R. PFIRRMAN & VINCENT D. BODDY, Attorneys for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Adriano Sampaio appeals from the trial court's grant of summary judgment in favor of The Business Backer, LLC ("TBB") on its breach of contract claims. For the following reasons, the trial court's judgment as to Sampaio will be affirmed.

{¶ 2} On September 1, 2022, TBB and SSC Services, Inc. ("SSC") entered into a

Purchase of Receivables Agreement under which TBB paid $49,000 (purchase price) for $65,170 (purchase amount) of SSC's future customer receivables. Upon payment of the purchase price, SSC agreed to authorize weekly Automated Clearing House (ACH) system debits in the amount of $1,293.05 until the purchase amount was delivered to TBB in full. Sampaio executed a Guaranty, guaranteeing SSC's performance under the Structural Covenants contained in Section 3 of the Receivables Agreement.

{¶ 3} On June 13, 2023, TBB filed this lawsuit, alleging breach of the Receivables Agreement by SSC (Count One), unjust enrichment by SSC (Count Two), and breach of the personal guaranty by Sampaio (Count Three). In their answer, SSC and Sampaio denied the allegations.

{¶ 4} TBB subsequently filed a motion for summary judgment on Counts One and Three, supported by the affidavits of Rebecca Niehaus, a TBB employee, and of TBB's counsel. Niehaus authenticated the Purchase of Receivables Agreement and Guaranty, an account statement, and search results regarding Sampaio's military service, all of which were attached. TBB's counsel provided a copy of TBB's first set of interrogatories, requests for production of documents, and requests for admission to which SSC and Sampaio had failed to respond. Neither SSC nor Sampaio opposed the summary judgment motion.

{¶ 5} On May 7, 2024, the trial court granted TBB's motion for summary judgment. It awarded judgment against SSC and Sampaio in the amount of $34,066.80, plus interest, as well as return fees of $105, attorney fees of $1,110, costs of $392.68, and any legal fees and costs that may continue to accrue.

{¶ 6} Sampaio, pro se, appealed the trial court's judgment on both of their behalf. Because Sampaio is not an attorney, we dismissed SSC's appeal but allowed Sampaio's appeal to proceed.

{¶ 7} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Preston v. Shutway*, 2013-Ohio-185, ¶ 12 (2d Dist.). App.R. 16(A)(3) states that an appellate brief must contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."

{¶ 8} Sampaio's appellate brief does not set forth any assignments of error as required by App.R. 16(A)(3). Sampaio's sole complaint appears to be that the company hired by SSC and Sampaio to negotiate with TBB on their behalf failed to negotiate in good faith and, consequently, they "didn't have a chance to negotiate with the appellees so we can move forward in our lives." Sampaio asks to pay $500 per month to "make this right" and indicates that they cannot afford to pay more.

{¶ 9} Sampaio has not identified any error by the trial court, and we cannot infer, based on the appellate brief, that Sampaio is challenging the trial court's summary judgment ruling. In the absence of any claim of error and considering that Sampaio apparently concedes liability, there is nothing before us to address. Accordingly, the trial court's judgment as to Sampaio will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.